# WOOD *vs.* HAMBLY.

## *Twelfth Judicial District Court, July,* 1857.

### MALICIOUS. PROSECUTION—DEFENSE—ADVICE OF COUNSEL.

Plaintiff cannot recover in an action for malicious prosecution where the facts and circumstances would satisfy the mind of any one that an offense had been committed, and the person arrested was the probable offender.

Advice of counsel, fairly obtained and acted upon in good faith, will constitute probable cause, and be a good defense.

If the complainant in the arrest suit be a lawyer, it is a fact for the jury to consider in their deliberations upon the advice of counsel.

This is an action for malicious prosecution, growing out of plaintiff taking from possession of defendant, last February, certain books and papers belonging to the Mountain Lake Water Company. Both plaintiff and defendant claimed then to be the regularly elected President of the corporation, and acting on their belief the plaintiff removed from the office of the Company the books, etc., referred to. It is alleged in the complaint that the defendant, on the 6th of February last, went before the Police Judge and made complaint that the plaintiff had been guilty of the offense of grand larceny, upon which charge he was arrested, and that on the 9th of the same month plaintiff, after examination, was held to answer in bail to the amount of $2000. It is further alleged that defendant procured certain persons to go before the Grand Jury, which body ignored the bill presented against plaintiff. The complaint concludes by alleging that by reason of said false and malicious complaint and charge, and of said illegal and malicious arrest and imprisonment, he hath suffered greatly in body and mind, and hath been forced and obliged to lay out large sums of money for counsel fees, and otherwise in defending himself against the same, and has suffered loss and hindrance in his business by reason of the premises, and has sustained damages in the sum of $20,000, for which amount judgment is demanded.

The defendant admits having made complaint, and caused the arrest of plaintiff, but denies he acted maliciously. The defendant also alleges that he had reasonable and probable cause to prosecute plaintiff. The

answer states that before the 4th day of February defendant was duly elected, and acting as President of the Mountain Lake Water Company, and as such officer had lawfully charge of the books of the Corporation. That plaintiff, without the consent of the defendant, and without any authority therefor, did with force and arms enter the office of the defendant, and without his consent, and against his will, took and carried away the said books in the affidavit described, forcibly and violently, and refused to return the same on demand. Therefore, defendant alleges, he had just and reasonable cause to make, and did make the affidavit upon which defendant was arrested. The plaintiff, when brought before the Police Judge, of his own accord asked leave to waive the preliminary examination, thereby admitting reasonable and probable cause for the charge, and did thereby himself voluntarily place the said criminal charge in the hands of the Grand Jury, without the procurement or application of the defendant.

The testimony introduced went to show that in the month of December last an election was held for election of President and Directors of Mountain Lake Water Company. Stockholders in attendance voted some for a large number of shares, others by proxy, and many for a few shares. There were two tickets—the name of Col. Wood, the plaintiff, being at the head of one for President, and Gen. Hambly, the defendant, on the second.

A large number of shares offered to be voted upon were rejected on the ground that the stock was improperly issued. Gen. Hambly was declared elected, but plaintiff denied the legality of the proceeding by reason of throwing out the votes on this stock, which he contends were genuine, and which would have been cast in his favor and secured his return to the office of President by a very large majority. Proceedings were afterwards instituted in the Fourth District Court to restrain Hambly from performing the functions of President, and to establish the right of Wood to enter upon the discharge of the duties of the office. Since then the suit has been discontinued, and Col. Wood resigned the position of President. A considerable portion of the stockholders who recognized plaintiff as President, opened an office and proceeded with the business of the Company. Operations were commenced near the Lake, and they are now in progress. Some time ago Gen. Hambly assumed the responsibilities of President. To push the

work through he entered into correspondence with London capitalists for the purpose of forwarding the construction of the reservoirs and laying down pipes, but plaintiff insists, for the purpose of benefiting himself at the expense of all other stockholders.

All these facts came out on the trial, for it seemed a part of the defense to show that Gen. Hambly had probable cause to complain of plaintiff, for removing the books in his custody while thus performing the duties of President, and that he (Hambly) had sufficient grounds to believe he was rightfully and legally elected to the office.

It appeared from the evidence that, at a meeting of the Directors of the Company, plaintiff and two others were instructed to procure the books of the Corporation, in defendant's possession, and take them to a new office. Wood proceeded to the office of the defendant, and having asked for a particular book to examine, when he got it removed it in presence of Hambly. The other books and papers were taken in defendant's absence, and it is alleged in the night time. The removal of the books was made by advice of eminent counsel. The entire affairs of the Mountain Lake Water Company, and the nature of the difficulties that have arisen recently, were gone into and laid before the jury.

Defendant introduced evidence to show the character of the proceedings had when he was elected. That the meeting was attended by the principal stockholders, and a majority of those entitled to vote cast them in his favor, and that the stock rejected was issued contrary to law. However, it seemed Mr. Hambly's votes represented only six or seven hundred shares, and at least seven thousand were rejected. It appeared that Mr. Wood has been connected with the company from its inception, and it was made also to appear that defendant's interest did not exceed being the owner of two shares. It was also proved that Mr. Hambly had consulted counsel before applying for a warrant, and that it was on advice first obtained in this manner he caused plaintiff's arrest.

The defense was that probable and reasonable cause existed for instituting criminal proceedings against plaintiff; and that Mr. Hambly, before commencing the prosecution, consulted with Col. James, on whose advice, after putting him in possession of the facts concerning the removal of the books of the Mountain Lake Water Company, by

Colonel Wood, he presented the charge of grand larceny against the plaintiff. On the part of plaintiff it was advanced that this consultation with another lawyer was in anticipation of the action now brought for malicious prosecution. Plaintiff also relied on the facts adduced by the testimony to negative the defense of probable cause.

*Cook & Fenner*, for plaintiff.

*Wm. Duer*, for defendant.

NORTON, J., charged the jury substantially as follows:

If the facts and circumstances in and of themselves would satisfy the mind of any one that an offense had been committed, and they pointed towards a particular person as the offender, and in this case the defendant had Mr. Wood arrested under such circumstances, it would constitute probable cause, and plaintiff could not recover. Much testimony had been introduced remote in character, but conceded on both sides to have some bearing on the issue, and so let in for their consideration. The jury would consider all this evidence to know if Mr. Wood intended to steal the books, and if Mr. Hambly has failed to satisfy them that he believed Mr. Wood had such purpose, he cannot sustain his defense on that point. In another branch of the case it is contended that defendant, honestly and *bona fide* sought the advice of counsel before calling upon the officers of justice to punish the offender against his rights, as plaintiff, it is said, was believed to be; and having honestly and fairly made application to Col. James, a person competent to give advice, his action, upon such counsel, constitutes a defense. This question appears not to be settled in Great Britain. In this country the Court would charge the law to be that advice fairly obtained from counsel and acted upon in good faith by a complaining party, constituted probable cause. The jury, however, would have to look to the evidence and surrounding facts to determine the good faith of the defendant in seeking the advice of other counsel before procuring the arrest of plaintiff. If Mr. Hambly concluded to institute a criminal prosecution against the plaintiff, and then called in another lawyer to assist in the proceeding before its commencement, and he approved of the grounds of complaint, it would not be that kind

of probable cause to make up a defense. It is said Mr. Hambly is a lawyer; but the fact is insufficient to show it was not his duty to look elsewhere for advice. It may be that acquainted only with the civil practice, and not relying on his own knowledge, he looked for advice from one skilled in the criminal law, and therefore the fact of plaintiff being a lawyer would not take from him the protection of this defense. But the fact of plaintiff being a lawyer, nevertheless, may be taken into consideration; and whether his application to Col. James was fair and honest was also a matter the jury should not disregard.

The jury found a verdict in favor of plaintiff.